UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREMEKA DAVIS,<br><br>                    Plaintiff,<br><br>         -against-<br><br>SEAN COMBS; SHAWN CARTER; CHRISTOPHER B. BRIDGES; GABOUREY SIDIBE; GREGORY WILLIAMS; EX BISHOP THOMAS DEXTER JAKES SR.; BEYONCE KNOWLES,<br><br>                    Defendants. | 25-CV-4740 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Houston, Texas, brings this *pro se* action alleging that Defendants violated her rights in Houston, Texas. Named as Defendants are Sean Combs, Shawn Carter, Christopher B. Bridges, Gregory Williams, Thomas Dexter Jakes, Sr., Gabourey Sidibe, and Beyonce Knowles. For the following reasons, this action is transferred to the United States District Court for the Southern District of Texas.[1]

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] Plaintiff also filed another *pro se* action naming many of the same Defendants. *See Davis v. Combs*, No. 25-CV-4753 (LTS) (S.D.N.Y.).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1), based on the residence of Defendants, because all Defendants are not residents of New York. Plaintiff seems to indicate that Defendants are residents of New York, Texas, Georgia, and California. (ECF 1 at 7-9.)

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that the events giving rise to her claims took place in Houston, which is in Harris County, Texas, within the Southern District of Texas. *See* 28 U.S.C. § 124(b).

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). Venue of this action is proper, under Section 1391(b)(2), in the Southern District of Texas because the events giving rise to Plaintiff's claims occurred in Harris County, Texas.

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Harris County, Texas, where Plaintiff resides. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 16, 2025
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge